## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SARAH L. BURNISTINE | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE NO. |
| INLAND FRESH SEAFOOD | ) | |
| CORPORATION OF | ) | |
| AMERICA, INC. | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

COMES NOW, Sarah L. Burnistine (hereinafter "Plaintiff"), by and through undersigned counsel, and hereby brings this action against Defendant Inland Fresh Seafood Corporation of America, Inc. (hereinafter "Defendant") and shows the Court as follows:

## NATURE OF THE ACTION

1.

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, alleging that Defendant failed to pay overtime wages to Plaintiff throughout the term of her employment.  Defendant's failure to pay overtime wages was willful, and accordingly, Defendant is liable to Plaintiff for three years' of unpaid overtime, liquidated damages, and reasonable attorney's fees.

## PARTIES

2.

Plaintiff is a citizen of Georgia and resides in Fulton County.

3.

Defendant is a Georgia corporation with its principle place of business located in Atlanta, Georgia.  Defendant may be served with process via its registered agent Les Schneider at 3400 Peachtree Road, Lennox Tower, Suite 400, Atlanta, Georgia 30326.

## JURISDICTION AND VENUE

4.

The Court has jurisdiction over this claim pursuant to 28 U.S.C. 1331.

5.

Defendant is subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit.

6.

Defendant is an employer covered by the FLSA because it is an employer engaged in interstate commerce and has at least $500,000 in "annual gross volume of sales made or business done."  29 U.S.C. § 203(s)(1)(A).

7.

Pursuant to 28 § U.S.C. 1391 and Local Rule 3.1(B)(3), venue is proper in this Court because the events giving rise to Plaintiff's claims occurred within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## **THE FACTS**

8.

Plaintiff was employed by Defendant from July of 2006 to May 25, 2011.

9.

From July of 2006 to June of 2010, Plaintiff was a Credit Analyst for Defendant.

10.

From June of 2010 to Mays of 2011, Plaintiff was a Retail Analyst for Defendant.

11.

As both a Credit Analyst and Retail Analyst, Plaintiff performed exclusively clerical tasks and routine office procedures.

12.

At no time did Plaintiff supervise other employees.

13.

Defendant paid Plaintiff between $1,270 and $1,342 in "Regular" wages every two weeks during the past three years.

14.

Plaintiff's "Regular" wages corresponded to the forty (40) hours of "Regular" time that she worked each week.

15.

Plaintiff's average "Regular" wage over the last three years was approximately $18 per hour.

16.

Plaintiff regularly worked overtime hours—i.e., hours in excess of forty (40) hours per week.

17.

On average, Plaintiff worked approximately 10 hours of overtime every week.

18.

Defendant paid Plaintiff an average of $7 per hour of overtime that she worked.

19.

Defendant owed Plaintiff approximately $27 per hour of overtime she worked. Consequently, Defendant owes Plaintiff an additional $20 for every hour of overtime she worked in the last three years.

20.

Plaintiff estimates that she worked 520 hours of overtime per year. Consequently, Plaintiff estimates that Defendant owes her $10,400 for each of the last three years, or $31,200.

## COUNT ONE: BASIC FAILURE TO PAY OVERTIME

21.

Plaintiff incorporates all preceding paragraphs as though the same were fully set forth herein.

22.

Plaintiff is covered by the FLSA, and she was not an exempt employee.

23.

Defendant failed to pay Plaintiff overtime wages as required by 29 U.S.C. § 207(a).

24.

Pursuant to 29 U.S.C. §216(b), Defendant is liable to Plaintiff for unpaid overtime wages, liquidated damages, and reasonable attorney's fees.

## COUNT TWO: WILLFUL FAILURE TO PAY OVERTIME

### 25.

Plaintiff incorporates all preceding paragraphs as though the same were fully set forth herein.

### 26.

Defendant willfully violated the FLSA's overtime provision, 29 U.S.C. § 207(a), by refusing to pay Plaintiff overtime wages.

### 27.

Defendant did not even pay Plaintiff her regular hourly wage for overtime hours.  Defendant paid Plaintiff less than half of her regularly hourly wage for such hours.

### 28.

Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendant is liable to Plaintiff for three years of unpaid overtime wages, liquidated damages, and reasonable attorney's fees.

## COUNT THREE: ATTORNEY'S FEES

### 29.

Plaintiff incorporates all preceding paragraphs as though the same were fully set forth herein.

30.

Pursuant to 29 U.S.C. §216(b), Defendant is liable to Plaintiff for reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

a. That Defendant be enjoined from further willful violation of its employees' right to be paid overtime wages;

b. that Plaintiff receive judgment against Defendant for unpaid overtime wages dating back to three years from the date that this action is filed ($31,200), or, in the alternative, for unpaid overtime dating back two years from the date this action is filed;

c. that Plaintiff receive judgment for liquidated damages equal to the amount of unpaid overtime ($31,200);

d. that Plaintiff receive judgment against Defendant for costs and attorney's fees in a sum that shall be proven at trial; and

e. that Plaintiff have such other and further relief as the Court deems just and proper.

This 20th day of June, 2011.

Respectfully submitted,

/s Jeff Kerr
JEFF KERR
Ga. Bar No. 634260

/s John L. Mays
JOHN L. MAYS
Ga. Bar No. 986574

Attorneys for the Plaintiff

Mays & Kerr LLC
260 Peachtree Street NW
Suite 2200
Atlanta, GA 30303
Telephone:  404-527-6234
Fax:             877-813-1845
Email:         jeff@ maysandkerr.com
Email:         john@maysandkerr.com

8

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

This 20th day of June, 2011.

Respectfully submitted,

**Mays & Kerr LLC**

By:   <u>/s/ Jeff Kerr</u>
      Ga. Bar No. 634260

      <u>/s/ John Mays</u>
      Ga. Bar No. 986574

      260 Peachtree Street NW
      Suite 2200
      Atlanta, GA 30303
      Telephone:  404-527-6231
      Fax:       877-813-1845
      Email:     jeff@ maysandkerr.com
      Email:     john@maysandkerr.com

      Attorneys for Plaintiff